NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>P. JOHNSON, Correctional Counselor I; T. NORTON, Chief Deputy Warden; HARRINGTON; WEATHERFORD; CALIFORNIA STATE PRISON CORCORAN; DOE; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>       Defendants-Appellees. | No.    15-16756<br><br>D.C. No. 1:12-cv-02083-LJO-MJS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Before:  GILMAN,** PAEZ, and OWENS, Circuit Judges.

Michael Anthony Todd, a California state prisoner, appeals from the district

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's order dismissing his 42 U.S.C. § 1983 action because of his failure to exhaust the prison's administrative remedies. For the following reasons, we reverse and remand with instructions to proceed to the merits of the case.

1. The magistrate judge, whose findings and recommendations the district court adopted in dismissing Todd's claims, erred by placing the burden of proving exhaustion on Todd instead of assessing whether Todd met his lesser burden—that of production—under the burden-shifting framework of *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). After acknowledging that Todd's testimony, if accepted as true, was sufficient to show that administrative remedies were effectively unavailable to him, the magistrate judge concluded that Todd had failed to establish "with credible, persuasive evidence" that his appeals were improperly rejected. The magistrate judge mistakenly assessed whether Todd's testimony was credible and persuasive rather than whether the testimony, if believed, met his burden of producing evidence demonstrating that the prison's existing and generally available administrative remedies were effectively unavailable to him. Doing so placed the "ultimate burden of proof" on Todd, rather than the defendants, in contravention of *Albino*. *See id.* at 1172.

2. The evidence that Todd put forward at the evidentiary hearing met his burden of producing "evidence showing that there is something in his particular case that made the existing and generally available administrative remedies

2

effectively unavailable to him." *See id.* at 1172. Todd testified at the evidentiary hearing before the magistrate judge that he had attempted to file several appeals and inquiries with the prison regarding the claims at issue, but that his documents were ignored. He explained that he knew the exact dates of his appeals and follow-up inquiries from his daily planners, which he had when he filed his proposed third amended complaint but had subsequently lost. This testimony was sufficient to permit a rational factfinder to find that the prison's administrative remedies were effectively unavailable to Todd. *See Sapp v. Kimbrell*, 623 F.3d 813, 822–23 (9th Cir. 2010) (holding that administrative remedies are effectively unavailable when prison officials fail to respond to a properly filed grievance). And although Todd provided no additional corroboration, this court has previously concluded that a prisoner's statements alone are sufficient to satisfy the burden of production under *Albino*. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776, 794 (9th Cir. 2018); *Williams v. Paramo*, 775 F.3d 1182, 1191–92 (9th Cir. 2015).

3. Under *Albino*, once a prisoner comes forward with evidence that administrative remedies were not available to him in his particular case, the burden of proof shifts back to the defendants to rebut that evidence. *See Williams*, 775 F.3d at 1192. Here, the defendants' testimony about the prison's generally available procedure for filing appeals is insufficient to rebut Todd's testimony that the procedure was unavailable to him at the time that he tried to file the appeals in

3

question.  *See id*.  Likewise, the defendants' testimony that Todd had filed numerous prior appeals that were reviewed and that Todd was "a frequent user" of the appeals system does not demonstrate that administrative remedies were available to him at the time he tried to file the specific appeals relevant to this case.  *See Williams*, 775 F.3d at 1192.  The defendants therefore failed to meet their burden of proving that Todd's claims are procedurally defaulted for failure to exhaust his administrative remedies.  Even the magistrate judge concluded that most of the evidence "balance[s] out."  Accordingly, we reverse and remand with instructions to proceed to the merits of the case.

4.  Finally, because the case is being remanded for further proceedings, Todd's First Amendment access-to-the-courts claim is moot.

**REVERSED AND REMANDED**.